IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| RADFORD KAHALEWAI, | ) | CIV. NO. 15-00009 HG-KSC |
| Plaintiff, | ) | |
| vs. | ) | |
| STATE OF HAWAII DEPARTMENT OF PUBLIC SAFETY; MATHER MURPHY, | ) | |
| Defendants. | ) | |

**ORDER GRANTING DEFENDANT STATE OF HAWAII DEPARTMENT OF PUBLIC SAFETY'S MOTION TO DISMISS (ECF No. 6)**
**AND**
**GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT**

This case arises out of Plaintiff's Eighth Amendment and state tort law claims against the State of Hawaii Department of Public Safety and fellow inmate Defendant Mather Murphy as a result of an alleged physical attack against Plaintiff by Defendant Murphy. At the time, Plaintiff was incarcerated in Arizona at the Saguro Correctional Center ("SCC"). SCC is a private correctional facility contracted by the Department of Public Safety. There was a Stay Away order, requiring the separation of Plaintiff and Defendant Murphy. Plaintiff's claims against the Department of Public Safety are based on

1

SCC's alleged failure to properly enforce the Stay Away order.

Plaintiff has failed to state a claim against the State of Hawaii Department of Public Safety.

Defendant State of Hawaii Department of Public Safety's Motion to Dismiss (ECF No. 6) is **GRANTED**.

Plaintiff is **GRANTED** leave to file an amended complaint.

## PROCEDURAL HISTORY

On January 12, 2015, Defendant State of Hawaii Department of Public Safety ("DPS") filed a Notice of Removal of Plaintiff Radford Kahalewai's Complaint, filed on December 11, 2014, in the First Circuit Court, State of Hawaii, to this Court based on federal question jurisdiction. (ECF No. 1.)

On January 20, 2015, DPS filed a Motion to Dismiss for failure to state a claim. (ECF No. 6.)

On February 9, 2015, Plaintiff filed a memorandum in opposition to DPS's Motion to Dismiss. (ECF No. 13.)

On March 2, 2015, DPS filed a reply. (ECF No. 14.)

Pursuant to Local Rule 7.2(d), the Court elected to decide this matter without a hearing.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) allows dismissal

where a complaint fails "to state a claim upon which relief can be granted." Salmon Spawning & Recovery Alliance v. Gutierrez, 545 F.3d 1220, 1225 (9th Cir. 2008). The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. Rule 8(a)(2). Rule 8 of the Federal Rules of Civil Procedure "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 555 (2007)). A pleading must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." The factual allegations in a pleading "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

A complaint survives a motion to dismiss when it contains sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content of the complaint allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard does not require probability, but it

3

requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). A complaint that pleads facts that are "merely consistent with" a defendant's liability "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The Court need not accept as true, however, allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Daniels-Hall v. Nat'l Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010)(documents attached to the complaint and matters of public record may be considered on a motion to dismiss).

## **BACKGROUND**

Plaintiff is serving a prison sentence. (Compl. ¶ 1.) Plaintiff alleges that he is a ward of the State of Hawaii and that DPS involuntarily and temporarily sent him to Saguro Correctional Facility in Eloy, Arizona. (Compl. ¶ 1.) The

4

correct name of the facility is the Saguro Correctional Center ("SCC"). The SCC is operated on contract with DPS. (Compl. ¶ 1.) The SCC is not owned or operated by DPS. The SCC is a private correctional facility. (See www.cca.com, visited March 17, 2015).

The basis for Plaintiff's Complaint arises from SCC's alleged failure to properly enforce a Stay Away order between Plaintiff and Defendant Mather Murphy. (Compl. ¶ 3.) Plaintiff alleges that Defendant Murphy was a prison inmate housed in the Hawaii state prison system who threatened Plaintiff at the Halawa Correctional Facility in 2007 or 2008. (Compl. ¶ 3.) Defendant Murphy's threats resulted in a Stay Away order. (Compl. ¶ 3.) Plaintiff alleges that the Stay Away order was in Plaintiff and Defendant Murphy's personal file jackets. (Compl. ¶ 6.)[1]

DPS sent Plaintiff to SCC to serve a portion of his prison sentence. According to Plaintiff, the Stay Away order should have been known to the DPS employees who sent Plaintiff to SCC. (Compl. ¶ 6.) Plaintiff further alleges that DPS had written notice of the Stay Away order. (Compl. ¶ 10.)

---

[1] The paragraphs in Plaintiff's Complaint are misnumbered. The Court has started from paragraph 1 and applied the numbers sequentially. The opening paragraph of Plaintiff's Complaint also mistakenly refers to "Plaintiff Pauline" rather than Plaintiff Kahalewai.

5

The incident at issue occurred on December 9, 2012 at the SCC. (Compl. ¶ 7.) On that date, Plaintiff and Defendant Murphy approached the chow hall. As Plaintiff passed Defendant Murphy, Murphy allegedly hit Plaintiff on the left side of his head knocking him down and out cold. (Compl. ¶ 7.) According to Plaintiff, Murphy continued to hit him while he was unconscious on the floor until he was pulled off by other people. (Compl. ¶ 8.) Plaintiff alleges that he suffered physical and emotional injuries as well as brain trauma. (Compl. ¶¶ 11-12.)

Plaintiff alleges that SCC, on contract with DPS, was negligent in not preventing harm to Plaintiff. (Compl. ¶ 10.) Plaintiff also alleges that "Defendant DPS had notice that Defendant Murphy's actions needed to be closely monitored and that he should not be allowed to assault the Plaintiff as he had previously threatened to do." (Compl. ¶ 13.)

Plaintiff brings three causes of action. As to DPS, Plaintiff's first cause of action is that DPS facilitated and allowed the illegal assault upon Plaintiff on December 9, 2012 in violation of the Eighth Amendment of the United States Constitution. (Compl. ¶¶ 15-16.) Plaintiff's second cause of action is for assault and battery. As to DPS, Plaintiff alleges that Defendant Murphy's assault is in violation of the

State's duty to protect him from harm while in custody. (Compl. ¶ 18.) Plaintiff's third cause of action is for intentional infliction of emotional distress. Plaintiff alleges that DPS contributed to the emotional distress caused by Defendant Murphy because the facility with which DPS had contracted, SCC, ignored the Stay Away order. (Compl. ¶ 20.)

## ANALYSIS

DPS moves to dismiss all counts against it for failure to state a claim.

**Cause of Action 1: Plaintiff's Claim Under the Eighth Amendment of the United States Constitution Pursuant to 42 U.S.C. § 1983**

The Eighth Amendment of the United States Constitution protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 832 (1994)). Prison officials have a "duty to ensure that prisoners are provided with adequate shelter, food, clothing, sanitation, medical care, and personal safety." Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000) (citations omitted). To establish a violation of this duty, a prisoner must satisfy both an objective and subjective component. See Wilson v. Seiter, 501 U.S. 294, 298 (1991). First, a prisoner must demonstrate an objectively serious deprivation, one that amounts to the

7

denial of "the minimal civilized measures of life's necessities." Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting Rhodes v. Chapman, 452 U.S. 337, 346 (1981)). Second, a prisoner must demonstrate that prison officials acted with "deliberate indifference." Wilson, 501 U.S. at 303; Johnson, 217 F.3d at 733. A prison official is liable for denying an inmate humane conditions of confinement only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer, 511 U.S. at 837.

There are no allegations of any direct involvement by DPS in the conduct at issue in this lawsuit. The only allegation pertaining to DPS is that it contracted with SCC. Plaintiff does not, for instance, allege that DPS knew about, or in any way participated in SCC's alleged failure to enforce the Stay Away order. There are no allegations that DPS had any reason to believe that SCC would not properly enforce the Stay Away order as alleged, or that DPS failed to inform SCC of the Stay Away order.

According to the Complaint, DPS provided SCC with Plaintiff's and Defendant Murphy's files which contained the

Stay Away order.  Plaintiff does not allege any wrong by DPS, much less one that could establish a constitutional violation. See Farmer v. Brennan, 511 U.S. 825, 834 (1994)[2]; Dews v. Brown, No. 13-16382, 580 Fed.Appx. 536 (9th Cir. June 19, 2014) ("The district court properly dismissed Dews's Eighth Amendment claim because Dews failed to allege facts showing that defendants knew that Dews faced substantial risk of serious harm to his health and disregarded that risk by failing to take reasonable measures to abate it.").

Moreover, Plaintiff cannot rely on a theory of supervisory liability to state a claim against DPS for violation of the Eighth Amendment based on alleged conduct by SCC.  It is well established that constitutional claims under 42 U.S.C. § 1983 may not be brought against supervisory officials on the basis of vicarious liability or respondeat superior. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A supervisor is only liable for constitutional violations of

---

[2] In Farmer v. Brennan, 511 U.S. 825, 834 (1994) the Supreme Court set forth the two requirements to state a claim against a prison official for violation of the Eighth Amendment: (1) the deprivation alleged must be, objectively, sufficiently serious; and (2) must be done with "deliberate indifference" to inmate health or safety.  For a claim based on a failure to prevent harm, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm."  Id.

9

his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under section 1983."); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989)("Under Section 1983, supervisory officials are not liable for actions of subordinates on any theory of vicarious liability. [citation omitted]. A supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.").

There is no allegation that DPS participated in housing or meal scheduling decisions at SCC. Nor are there any allegations that DPS participated in crafting an ineffective policy for enforcement of stay away orders. There are no allegations that DPS otherwise participated in Defendant Murphy's alleged assault against Plaintiff. In sum, there are no allegations that DPS participated in wrongful conduct, much less wrongful conduct that has a sufficient causal connection to Plaintiff's allegations that SCC failed to enforce the Stay Away order.

Based on the facts alleged, Plaintiff has failed to state an Eighth Amendment claim against DPS. Plaintiff's first

cause of action for violation of the Eighth Amendment of the United States Constitution is DISMISSED as to DPS.

**Causes of Actions 2 and 3: Plaintiff's Intentional Tort Claims**

Plaintiff's second cause of action alleges an assault and battery claim against DPS and Defendant Murphy.  Plaintiff's third cause of action alleges an intentional infliction of emotional distress claim against DPS and Murphy.  As to his assault and battery claim against DPS, Plaintiff alleges that the state had a duty to protect him from harm while he was in custody.  (Compl. ¶ 18.)  As to his intentional infliction of emotional distress claim, Plaintiff alleges that SCC "operated on contract by the State of Hawaii, Department of Public Safety's ignoring of the written stay away order obviously and plainly contributed [to] the Defendant Murphy being able to assault Plaintiff KAHALEWAI, and clearly contributed to the emotional distress suffered by the Plaintiff in this case." (Compl. ¶ 20.)

DPS argues that the Plaintiff's intentional tort claims are barred by the doctrine of sovereign immunity.  DPS cites to Haw. Rev. Stat. § 662-15(4), which provides that the State has not waived sovereign immunity for any claim "arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander,

misrepresentation, deceit, or interference with contract rights". Haw. Rev. Stat. § 662-15(4). While this is correct, Haw. Rev. Stat. § 662-15(4) is not directly applicable here because the alleged assault and battery was committed by another inmate, under the supervision of SCC, and not by a DPS employee.

Plaintiff appears to be proceeding under the theory that DPS was negligent in its duty to protect Plaintiff from physical harm. (Compl. ¶¶ 17-18, 20.) Plaintiff, however, does not assert a negligence based claim against DPS.

DPS has a duty of care to inmates to protect them from attacks by other inmates. See Cummings v. State, No. 26975, 2006 WL 3834309 at *2 (Haw. Dec. 29, 2006)(recognizing that state was under duty to take reasonable action to protect inmate from unreasonable risk of physical harm); Haworth v. State, 592 P.2d 820 (Haw. 1979) ("It is well settled that a state, by reason of the special relationship created by its custody of a prisoner, is under a duty to the prisoner to take reasonable action to protect the prisoner against unreasonable risk of physical harm.").[3] To state a claim against DPS,

---

[3] Under facts such as those present in this case, the discretionary function exception to the State's waiver of sovereign immunity, set forth in Haw. Rev. Stat. §662-15(1), does not apply. See Cummings, 2006 WL 3834309 at *2.

Plaintiff would need to allege facts that would show that DPS breached this duty of care. Plaintiff does not allege that DPS employees failed to carry out their duties as prescribed by the rules or failed to exercise their due care in the performance of their duties. See Molokai Veterans Caring For Veterans v. County of Maui, Civ. No. 10-00538 LEK-RLP, 2011 WL 1637330, at *27 (D. Haw. April 28, 2011)("Hawai'i law recognizes a general duty requiring government employees to carry out their official duties as prescribed by the applicable laws and rules and in the exercise of due care."); Doe Parents No. 1 v. State, Dept. of Educ., 58 P.3d 545, 577 (Haw. 2002) (Hawaii department of education did not have immunity from claims against it for negligent retention and supervision of teacher who molested students); Upchurch v. State, 454 P.2d 112, 115 (Haw. 1969) ("if the acts of negligence alleged and proven were the failure of employees to carry out their duties as prescribed by the rules, or their failure to exercise due care in the performance of their duties, such acts or omissions would not be exempted and would be actionable under the State Tort Liability Act.").

The fact that Plaintiff was in state custody when the assault occurred does not, without more, give rise to state liability. See Doe Parents No. 1, 58 P.3d at 577 ("a

plaintiff cannot merely point to an assault and battery and then claim, based simply on its occurrence, that the state was negligent in not preventing it.") (quoting Doe v. Durtschi, 716 P.2d 1238, 1245 (Idaho 1986)). Plaintiff does not allege any facts that would establish a claim against DPS based on its alleged breach of its duty of care to him.

Plaintiff does suggest a negligence claim against SCC for ignoring the Stay Away order. (Compl. ¶ 20.) Plaintiff, however, has not named SCC as a Defendant. Moreover, Plaintiff has not alleged a basis under which DPS would be liable for SCC's alleged negligence. SCC's role is analogous to that of an independent contractor. SCC is not an employee of DPS. As a general rule, "the employer of an independent contractor is not liable for physical harm caused to another by an act or omission of the contractor or his servants." Bryant v. Pleasant Travel Service, No. 29642, 2012 WL 1951146, at *6 (Haw. App. May 30, 2012)(citing Restatement (Second) of Torts § 409 (1965) (Restatement)). In certain instances, however, "liability producing acts of an independent contractor can be imputed to the principal on the basis of respondeat superior". Retherford v. Kama, 470 P.2d 517, 521 (Haw. 1970). One such instance is where the duty of care is non-delegable. See REST 2d AGEN § 214 ("one may have a duty to

see that due care is used in the protection of another, a duty which is not satisfied by using care to delegate its performance to another but is satisfied if, and only if, the person to whom the work of protection is delegated is careful in giving the protection."). If the state's duty to protect prisoners from the unreasonable risk of physical harm is non-delegable, DPS may be liable for SCC's alleged negligence. See Haworth, 592 P.2d at 823 ("The common law duty of an employer to exercise reasonable care for the safety of his employees has been stated: A master is subject to a duty that care be used either to provide working conditions which are reasonably safe for his servants and subservants . . . These duties are considered non-delegable, i.e. the employer is vicariously liable for the negligent failure to perform such duties by one he appointed to perform them.").

The Court, however, need not reach these issues at this juncture. Plaintiff has not pled a negligence based claim against DPS.

Plaintiff has failed to state a claim against DPS based on assault and battery and intentional infliction of emotional distress. Plaintiff's second and third causes of action are DISMISSED as to DPS.

**CONCLUSION**

DEFENDANT STATE OF HAWAII DEPARTMENT OF PUBLIC SAFETY'S MOTION TO DISMISS (ECF No. 6) is **GRANTED**.

Plaintiff is **GRANTED** leave to file an amended complaint. In his Opposition, Plaintiff contends that he has stated an Eighth Amendment claim, but also asks for remand. Plaintiff's Complaint does not state an Eighth Amendment claim.

Plaintiff has until May 1, 2015, to file an amended complaint. Any amended complaint must be in conformance with the Court's Order. Alternatively, by May 1, 2015, Plaintiff may voluntarily dismiss his Eighth Amendment claim. If Plaintiff voluntarily dismisses his Eighth Amendment claim, the matter will be remanded to state court.

IT IS SO ORDERED.

Dated: March 31, 2015, Honolulu, Hawaii.



    /s/ Helen Gillmor

Helen Gillmor
United States District Judge

_____

Kahalewai v. State of Hawaii Dept. of Public Safety; Mather Murphy; Civ. No. 15-00009 HG-KSC; **ORDER GRANTING DEFENDANT STATE OF HAWAII DEPARTMENT OF PUBLIC SAFETY'S MOTION TO DISMISS (ECF No. 6) AND GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT**